# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | No. 47669-0-II |
| Respondent, | |
| v. | |
| | UNPUBLISHED OPINION |
| JAMES BARSTAD, | |
| Appellant. | |

WORSWICK, J. — James Barstad filed a complaint in the Thurston County Superior Court alleging that the Washington State Department of Corrections failed to disclose a requested record in violation of the Public Records Act (PRA). Both parties moved for summary judgment. The superior court denied Barstad's motion for summary judgment and granted summary judgment in favor of the Department. Barstad appeals, asserting that the Department improperly destroyed the record at issue prior to his PRA request in violation of RCW 40.14.060, (the records retention statute) and that such violation entitled him to relief under the PRA as a matter of law. Because Barstad concedes that the record he sought had been destroyed prior to his PRA request, and because the destruction of records in violation of RCW 40.14.060 does not give rise to a cause of action under the PRA, we affirm the order granting summary judgment in favor of the Department.

FACTS

Barstad is an inmate residing at the Monroe Correctional Complex. Between April 27, 2013 and January 28, 2014, Barstad filed three PRA requests with the Department. Barstad's first PRA request sought "copies of all Disciplinary Sanction Lists issued during October and November of the year 2012, at MONROE CORRECTIONAL COMPLEX." Clerk's Papers (CP) at 48. After reviewing the Department's responsive documents and not finding the specific record he was seeking, Barstad filed a second PRA request that sought "Sanction Lists from the [Washington State Reformatory Unit] section of [the Monroe Correctional Complex], from the dates previously cited [in the earlier PRA request]." CP at 57. The Department's responsive documents again did not contain the specific record that Barstad was seeking, and he filed a third PRA request. Barstad's third PRA request clarified that the specific record he was seeking was "a memo to: 'ALL STAFF' from 'SGT'S KNOX/DOPSON' and the subject: 'A/B UNITS Disciplinary Sanction List," and that this record was created on October 27, 2012. CP at 68. After receiving Barstad's third PRA request, the Department responded by stating that it could not locate the record he was seeking because "these types of documents are sent to unit staff and are often not kept after a sanction is completed." CP at 72.

On April 4, 2014, Barstad filed a complaint in the Thurston County Superior Court alleging that the Department violated the PRA by denying him access to his requested record. On June 26, Barstad moved for summary judgment, arguing that the Department's prior destruction of his requested record violated the records retention statute and that the Department's violation of the retention statute entitled him to relief and a finding of bad faith

under the PRA as a matter of law.  The Department filed a response and cross motion for summary judgment, which asserted that the destruction of a record in violation of the records retention statute does not constitute a violation of the PRA.[1]  The Department argued that it was entitled to summary judgment because there was no dispute that the record at issue no longer existed when Barstad requested it and, thus, it could not have violated the PRA for failing to produce a nonexistent record.

The superior court entered an order denying Barstad's motion for summary judgment and granting the Department's cross motion for summary judgment.  Barstad appeals.

ANALYSIS

Barstad contends that the trial court erred by granting summary judgment to the Department because the Department's destruction of the record at issue was in violation of RCW 40.14.060.  Because the destruction of a record in violation of RCW 40.14.060 does not give rise to a PRA claim, we disagree and affirm the superior court's summary judgment order.

We review an order granting summary judgment de novo.  *Gronquist v. Dep't of Corr.*, 159 Wn. App. 576, 582-83, 247 P.3d 436 (2011).  Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  CR 56(c).  In reviewing whether summary judgment was proper, we consider all facts and reasonable inferences in a light most favorable to party against whom summary judgment was

---

[1] The Department argued in the alternative that it did not violate the records retention statute by destroying the record at issue.

entered, here Barstad. *Greenhalgh v. Dep't of Corr.*, 160 Wn. App. 706, 714, 248 P.3d 150 (2011).

We also review challenged agency action under the PRA de novo. *Gronquist*, 159 Wn. App. at 582. The PRA generally requires state and local agencies to disclose all public records upon request, unless the record falls within a specific PRA exception or other statutory exemption. RCW 42.56.070(1); *Bellevue John Does 1-11 v. Bellevue Sch. Dist. No. 405*, 164 Wn.2d 199, 209, 189 P.3d 139 (2008). "The PRA is a strongly worded mandate for broad disclosure of public records." *Neighborhood Alliance of Spokane County v. Spokane County*, 172 Wn.2d 702, 714, 261 P.3d 119 (2011). And we liberally construe the PRA in favor of disclosure and narrowly construe its exemptions. RCW 42.56.030. The PRA prohibits agencies from destroying a record "[i]f a public record request is made at a time when such record exists but is scheduled for destruction in the near future." RCW 42.56.100. However, the PRA does not impose a duty on an agency to create or produce a record that is nonexistent at the time of a PRA request. *Building Indus. Ass'n of Wash. v. McCarthy* (BIAW), 152 Wn. App. 720, 734, 218 P.3d 196 (2009).

It is undisputed that the record Barstad sought had been destroyed by the Department prior to his PRA request. Therefore, the only PRA provision regarding the retention of public records, RCW 42.56.100, by its terms does not apply. Barstad argues that our legislature intended the PRA to incorporate the record retention provisions of chapter 40.14 RCW. But no

4

language within the PRA evinces such legislative intent.[2] To accept Barstad's interpretation of the PRA would require us to import language into the act that our legislature chose not to include. We lack such authority. *See Dot Foods, Inc. v. Dep't of Revenue*, 166 Wn.2d 912, 920, 215 P.3d 185 (2009) (In discerning legislative intent, this court "cannot add words or clauses to a statute when the legislature has chosen not to include such language.").

Barstad also argues that the failure to incorporate the records retention statute's records retention provisions into the PRA will allow agencies to circumvent the PRA by improperly destroying records before the records are requested. We rejected this same argument in *West v. Washington State Dept. of Nat. Res.*, 163 Wn. App. 235, 245, 258 P.3d 78 (2011), and need not revisit it here. *See also BIAW*, 152 Wn. App. at 741. Moreover, our legislature has elected to enforce the record retention provisions of chapter 40.14 RCW by imposing criminal penalties for the improper destruction of public records. RCW 40.16.010.

Because it is uncontested that the record Barstad sought did not exist when he requested it, and because the destruction of a document prior to a PRA request is not actionable under the

---

[2] In support of his argument that the legislature intended to incorporate the records retention statute into the PRA, Barstad cites only to RCW 42.56.030, which provides in relevant part, "In the event of conflict between the provisions of this chapter and any other act, the provisions of this chapter shall govern." We cannot discern how this provision demonstrates the legislature's intent to incorporate the records retention statute into the PRA. The only apparent circumstance where provisions in the PRA and the records retention statute overlap is where a record is requested under the PRA that is scheduled to be destroyed under the timelines established in the records retention statute. In such a circumstance, which is not present here, RCW 42.56.030 merely dictates that RCW 42.56.100 applies to prevent the agency's destruction of the requested record.

PRA, the Department was entitled to summary judgment on Barstad's PRA claim.[3]  Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Sutton, J.

---

[3] Because we hold that the destruction of a record prior to a PRA request is not actionable under the PRA, we need not address the Department's argument that the record at issue was a "transitory document" not subject to retention under the records retention statute.  Br. of Respondent at 9.